FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2008 JAN 25 PM 12: 56

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

GERARD DESTIN,

Plaintiff

v.

DAVOL INC. and
C. R. BARD, INC.,

Defendants.

Civil Action No.: 8:08CV180T24
TGW

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD INC.'S**
**NOTICE OF REMOVAL**

Defendant Davol Inc. ("Davol") and Defendant C. R. Bard, Inc. ("Bard"), with full reservation of all defenses, objections, and exceptions, including but not limited to service, venue, and statute of limitations, remove the above-captioned action from the Circuit Court in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants present the following:

**I.**

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. Plaintiff commenced this action with his Complaint filed in the Circuit Court in and for Hillsborough County, Florida, on or about January 4, 2008. Defendants were personally served on January 11, 2008.

2. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Ex. A.

$350 TB 4/470

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court of Hillsborough County, Florida, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 89(b).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). It has been filed within 30 days of the first date on which Defendants received a copy of the Plaintiff's Complaint through service.

5. In accordance with 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Clerk of Hillsborough County, Florida, where Plaintiff's Complaint is pending. A copy of this of Notice of Removal and written notice of same is also being served upon Plaintiff's counsel.

## II.

## THIS COURT HAS DIVERSITY JURSIDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.

### The Parties are Completely Diverse

7. Plaintiff is a resident of Hillsborough County, Florida. (*See* Compl. at ¶ 2.)

8. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Davol is a citizen of those states. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant Bard is, and has been at all relevant time, a corporation organized under the laws of New Jersey with its principal place of business of New Jersey. Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

**B.**

**The Amount in Controversy Requirement is Satisfied**

10. Although Defendants deny Plaintiff's claims, and although Plaintiff expressly seeks damages "in excess of Fifteen Thousand Dollars," (Compl. ¶ 1), Defendants believe in good faith, as set forth below, that more than $75,000 is actually in controversy, and therefore the amount-in-controversy of 28 U.S.C. § 1332(a) has been met.

11. Plaintiff's claims against Bard and Davol sound in product liability. Plaintiff seeks recovery for injuries allegedly caused by a defective medical device – known as the Composix® Kugel® Hernia Patch – that was manufactured and sold by Davol and used by her doctors in conjunction with Plaintiff's hernia repair. (See Compl. ¶¶ 5-7.) Plaintiff claims a broad category of damages, including "bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages [that] will continue into the future." (*Id.* at ¶¶ 13, 18.)

12. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint make it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (determining that removal from state court is proper if it is facially apparent from the complaint that the amount in controversy

exceeds the jurisdictional requirement); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13. In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard and have pled an amount in controversy greater than $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (looking to other cases involving the same product to resolve amount-in-controversy inquiry); *see, e.g., Sanchez v. Davol Inc. and C.R. Bard, Inc.*, No. 07-cv-21928 (S.D. Fla. filed July 27, 2007) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *Staton v. Davol Inc. and C.R. Bard, Inc., et al.*, No. 07-cv-1033-S (N.D. Ala. filed Apr. 18, 2007) (alleging damages of $2 million) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

WHEREFORE, Defendant Davol Inc. and C.R. Bard, Inc. respectfully remove this action from the Circuit Court of Hillsborough County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Date: January 22nd, 2008

Respectfully submitted,

[signature]

John M. Kvartek
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by First Class U.S. Mail to Chris M. Limberopoulos, Esq., The Limberopoulos Law Firm, Rivergate Tower, 400 North Ashley Drive, Suite 2150, Tampa, Florida 33602 this 22nd day of January, 2008.

John M. Kvartek

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

served 1/11/08 @ 1:42pm
accepted Jan Miller

GERARD DESTIN,

Plaintiff,

vs.

CASE NO. 08 00203
DIVISION

DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. BARD, INC.

Defendants.
______________________________/

**SUMMONS**

THE STATE OF FLORIDA TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE GREETINGS:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, First Request to Produce and Interrogatories in the above styled cause upon the Defendant:

C. R.BARD, INC.
Associate General Counsel:

Stephen J. Long
C. R. BARD, INC.
730 Central Avenue
Murray Hill, NJ 07974

Said Defendant is hereby required to serve written defenses to said Complaint on Plaintiff's attorney, whose name, address and telephone number is below, within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

**WITNESS** my hand and seal of said Court on January 4, 2008.

**Chris M. Limberopoulos, Esquire**
Florida Bar Number: 341126
400 No. Ashley Drive, Suite 2150
Tampa, Florida 33606
(813) 875-1818 – Telephone
(813) 879-2368 - Facsimile
Attorneys for Plaintiff

PAT FRANK, Clerk of the Court

By ______________________
As Deputy Clerk

CIRCUIT COURT · CLERK · HILLSBOROUGH COUNTY

EXHIBIT
"A"
Blumberg No. 5119

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL DIVISION**

GERARD DESTIN,

Plaintiff,

vs.

CASE NO. 08 00203
DIVISION: DIVISION B

DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. BARD, INC.

Defendants.
_______________________________/

## SUMMONS

THE STATE OF FLORIDA TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE GREETINGS:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, First Request to Produce and Interrogatories in the above styled cause upon the Defendant:

C. R.BARD, INC.
Associate General Counsel: Stephen J. Long
C. R. BARD, INC.
730 Central Avenue
Murray Hill, NJ 07974

Said Defendant is hereby required to serve written defenses to said Complaint on Plaintiff's attorney, whose name, address and telephone number is below, within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

**WITNESS** my hand and seal of said Court on January 4, 2008.

**Chris M. Limberopoulos, Esquire**
Florida Bar Number: 341126
400 No. Ashley Drive, Suite 2150
Tampa, Florida 33606
(813) 875-1818 – Telephone
(813) 879-2368 - Facsimile
Attorneys for Plaintiff

PAT FRANK, Clerk of the Court

By ______________________
As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (Figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

FILED

2008 JAN 23 PM 2: 56

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

08 00203

GERARD DESTIN,

Plaintiff,

vs.

CASE NO.
DIVISION: DIVISION B

DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. Bard, Inc.

Defendants.
_____________________________________/

RECEIVED

JAN - 4 2008

CLERK OF CIRCUIT COURT

**COMPLAINT**

**COMES NOW,** the Plaintiff, GERARD DESTIN, by and through his undersigned attorneys, and sues the Defendants, DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. BARD, INC., and alleges as follows:

**COMMON ALLEGATIONS**

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. At all times relevant hereto, the Plaintiff, GERARD DESTIN, was a resident of Hillsborough County, Florida.

3. Defendants, DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. BARD, INC. distributed products into the stream of commerce, including Kugel Hernia Patches nationwide, and specifically in Hillsborough County, Florida.

4. On or about June 14, 2006, the Plaintiff, GERARD DESTIN, presented himself at Florida Medical Clinic, for surgery.

5. The surgeon, Donald J. Straub, D.O.F.A.C.S. used and Florida Medical Clinic supplied a Kugel Hernia Patch, in the hernia repair surgery.

6. The Kugel Hernia Patch given to the Plaintiff's surgeon was inappropriate and unsafe.

7. The Kugel mesh patch used subsequently failed and was otherwise not fit for the purposes it was used resulting in physical damage, bodily injury, infection, and additional surgery.

8. Venue is proper in Hillsborough County, Florida.

**COUNT I**
**Davol, Inc., a wholly owned Subsidiary of**
**C. R. Bard, Inc.**

9. The Plaintiff reincorporates and realleges all of the allegations set forth above.

10. That the Kugel Hernia Patch was unfit for the purpose it was intended and was otherwise defectively manufactured and designed such that failed and broke under stress, leading to complications suffered by the Plaintiff.

11. That the Defendant, DAVOL, INC., distributed the Kugel Hernia Patch with knowledge that it would be used for hernia repair surgery and that failure of the patch would result in injury to the patient.

12. That the defective design and manufacture of the Kugel Hernia Patch was known or should have been known to the Defendant, DAVOL, INC., and it should have corrected said defects.

13. As the result of the negligence of DAVOL, INC., the Plaintiff has been caused to suffer bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages will continue into the future.

WHEREFORE, Plaintiff, GERARD DESTIN, demands judgment, damages, and associated costs against the Defendant, DAVOL, INC., a Subsidiary of C. R. BARD, INC., and hereby requests a trial by jury.

**COUNT II**
**C. R. Bard, Inc.**

14. The Plaintiff reincorporates and realleges all of the allegations set forth above.

15. That the Kugel Hernia Patch was unfit for the purpose it was intended and was otherwise defectively manufactured and designed such that failed and broke under stress, leading to complications suffered by the Plaintiff.

16. That the Defendant, C.R. BARD, INC., distributed the Kugel Hernia Patch with knowledge that it would be used for hernia repair surgery and that failure of the patch would result in injury to the patient.

17. That the defective design and manufacture of the Kugel Hernia Patch was known or should have been known to the Defendant, C.R. BARD, INC., and it should have corrected said defects.

18. As the result of the negligence of C. R. BARD, INC., the Plaintiff has been caused to suffer bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages will continue into the future.

WHEREFORE, Plaintiff, GERARD DESTIN, demands judgment, damages, and associated costs against the Defendant, C. R. BARD, INC., and hereby requests a trial by jury.

*THE LIMBEROPOULOS LAW FIRM, P.A.*

Chris M. Limberopoulos, Esquire
Florida Bar No. 341126
400 N. Ashley Drive, Suite 2150
Tampa, Florida 33602
(813) 875-1818; FAX: (813) 879-2368
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

GERARD DESTIN,

Plaintiff,

vs.

CASE NO. 08 00203
DIVISION: DIVISION B

DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. BARD, INC.

Defendants.
_______________________________/

**REQUEST TO PRODUCE**

Plaintiff by and through the undersigned attorney, hereby requests Defendant to produce copies of the following listed documents within the amount of time prescribed by the Florida Rules of Civil Procedure when served with the Summons and Complaint:

1. Any and all statements (as defined in the Florida Rules of Civil Procedure) concerning this action or the subject matter of this action previously made by the Plaintiff.

2. Any and all policies of liability insurance providing liability coverage to one or more of the Defendants for claims arising out of the incident described in the Complaint, or, copies of any and all policies of insurance which allegedly provide liability insurance coverage to the Defendant for the incident in the Complaint.

3. Any and all policies of insurance of any kind or nature which would provide benefits to the Plaintiff by reason of incidents described in the Complaint.

4. Any written documents or reports of any and all examinations describing the extent and nature of the Plaintiff's injuries which occurred as a result of the incident described in the Complaint and any such documents reflecting Plaintiff's personal and physical condition

prior to the incident described in the Complaint.

5. Any and all forms submitted by Plaintiff in proof of her claims arising out of the incident described in the Complaint.

6. Any and all written documents, transcripts, photographs, recordings, and any other similar documents as defined by the Florida Rules of Civil Procedure which has not been specifically requested but is relevant to the subject matter of this suit and not privileged from disclosure.

7. Any and all written statements, including opinions, memoranda and reports of Defendant and Defendant's agents and employees with regard to the incident described in the Complaint.

8 Any and all written statements, including opinions, memoranda and reports of any and all witnesses to the incident described in the Complaint.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Defendant by serving same with the Summons and Complaint.

***THE LIMBEROPOULOS LAW FIRM, P.A.***

Chris M. Limberopoulos, Esquire
Florida Bar No. 341126
400 N. Ashley Drive, Ste. 2150
Tampa, FL 33602
Tel. 813-875-1818
Fax. 813-879-2368
Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL DIVISION**

GERARD DESTIN,

Plaintiff,

vs.

CASE NO. 08 00203
DIVISION: DIVISION B

DAVOL, INC., a Subsidiary of C. R. BARD, INC., and C.R. BARD, INC.

Defendants.
______________________________/

NOTICE OF SERVICE OF INTERROGATORIES UPON DEFENDANTS

Plaintiff, by and through the undersigned counsel files his, Notice of Service of Interrogatories Upon Defendant, and request that Defendant respond to said Interrogatories numbered 1-25 in accordance with the Rules of Civil Procedure.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along with the initial summons and complaint upon defendant.

*THE LIMBEROPOULOS LAW FIRM, P.A.*

Chris M. Limberopoulos, Esquire
Florida Bar No. 341126
400 N. Ashley Drive, Ste. 2150
Tampa, FL 33602
Tel. 813-875-1818
Fax. 813-879-2368
Attorneys for Plaintiff

**INTERROGATORIES**

**(If Answering for Another Person or Entity, Answer with Respect to That Person or Entity, Unless Otherwise Stated)**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3. Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

4. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5. State the facts upon which you rely for each affirmative defense in your answer.

6. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7. List the names and address of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

8. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

11. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

12. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

13. Please give us your entire educational background, starting with your college education and chronologically indicating by date and place each school, college, course of study, title of seminars, length of study, and honors received by you up to the present time, including internships, residencies, degrees received, licenses earned or revoked, medical specialty of those writings and their location in medical journals, awards or honors received, and continuing medical education.

14. Please give us your entire professional background up to the present time, including dates of employment or association, the names of all physicians with whom you have practiced, the form of employment or business relationship such as whether by partnership, corporation, or sole proprietorship, and the dates of the relationships, including hospital staff privileges and positions, and teaching experience.

15. With respect to your office library or usual place of work, give us the name, author, name of publisher, and date of publication of every medical book or article, journal, or medical text to which you had access, which deals with the overall subject matter described in Count I of the Complaint. (In lieu of answering this interrogatory you may allow Plaintiff's counsel to inspect your library at a reasonable time.)

16. If you believe there was any risk to the treatment you rendered to the Plaintiff, state the nature of all risks, including whether the risks were communicated to the Plaintiff; when, where, and in what manner they were communicated; and whether any of the risks in fact occurred.

17. Tell us your experience in giving the kind of treatment or examination that you rendered to the Plaintiff before it was given to the Plaintiff, giving us such information as to the approximate number of times you have given similar treatment or examination, where the prior treatment or examinations took place, and the successful or unsuccessful nature of the outcome of that treatment or those examinations.

18. Please identify, with sufficient particularity to formulate the basis of a request to produce, all medical records of any kind of which you are aware which deal with the medical treatment or examinations furnished to the Plaintiff at any time, whether by you or another person or persons.

19. Pleas state whether any claim for medical malpractice has ever been made against you alleging facts relating to the same or similar subject matter at this lawsuit, and, if so, state as to each such claim the names of the parties, the claim number, the date of the alleged incident, the ultimate disposition of the claim, and the name of your attorney, if any.

20. At the time of the alleged occurrence, were you insured against events similar to or identical to the alleged occurrence by professional liability insurance? If so, state the name and address of your insurance carrier and amount of your policy limits.

21. Has any insurance company ever suspended, revoked or refused to renew a professional liability policy covering you or any group with which you are associated?

22. If you answer to the preceding interrogatory is in the affirmative, please:

1. Recite the details of each such suspension, revocation or refusal of renewal;
2. State the name and address of each insurer involved;
3. State the date of each such suspension, revocation or refusal of renewal;
4. State the reason therefore;
5. State the date, if any, on which each such policy was reinstated.

23. If you have ever applied for and been denied professional liability insurance, please state the name and address of the company, the date of the denial and the reasons therefore.

24. On the date of the alleged occurrence, did you have any excess or umbrella policy or policies of insurance which covered you in any way for the claim for injury or damage allege by the Plaintiff?

25. If the answer to the preceding interrogatory is in the affirmative, please state as to each such policy:

1. The name or names of the insurance carrier;
2. The policy number;
3. The named and additional insured;
4. The limits of coverage;
5. The effective dates of the policy.

DEFENDANT

By: ______________________________

Title: _____________________________

STATE OF ____________________ )

COUNTY OF __________________ )

BEFORE ME, the undersigned authority, personally appeared this day ______________________, being duly sworn, deposes and says that he/she executed the foregoing Interrogatories, and that they are true and correct to the best of his/her knowledge. The foregoing was acknowledged before me by ____________________, who is personally known to me, and who did/did not take an oath, and/or who produced _______________ as identification. SWORN TO AND SUBSCRIBED before me on this ____ day of ____________, 2004.

___________________________
NOTARY PUBLIC
State of Florida at Large

My Commission Expires:

served by
**John Truppo**
on behalf of
American Expediting Company

ne: 908-590-3085
Fax: 908-272-7616

AMERICAN EXPEDITING COMPANY

John Kelchner
*Operations Manager*

STEPHEN J. LONG
C.R. BARD, INC.
730 CENTRAL AVE.
MURRAY HILL, N.J. 07974

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

2007 JUL 26 PM 4:02
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

Case No.: **07-21928**
**CIV - HUCK**
MAGISTRATE JUDGE
SIMONTON

ANTONIO SANCHEZ,

Plaintiff,

v.

DAVOL, INC., a Rhode Island Corporation
for profit and C.R. BARD, INC.,
a New Jersey Corporation for profit,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, ANTONIO SANCHEZ, sues Defendants, DAVOL, INC. a Rhode Island Corporation for Profit and C.R. BARD, INC., a New Jersey Corporation for Profit, and alleges:

**Parties**

1. At all times material, Plaintiff, ANTONIO SANCHEZ, was and is a citizen of Miami-Dade County, Florida.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy. DAVOL conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the

EXHIBIT
"B"

jurisdiction of this court.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of this court.

## *Jurisdiction and Venue*

4. The matter in controversy exceeds $75,000, exclusive of interest and costs, as specified by 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as Plaintiff obtained, purchased and used the Kugel Patch that forms the basis of this lawsuit in Southern Federal District of Florida; at all relevant times, Plaintiff resided within this District; the injury sued upon occurred in this District; and Defendants marketed, advertised, sold and distributed the Kugel Patch in this District.

## *Facts*

6. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into ANTONIO SANCHEZ's body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into ANTONIO SANCHEZ's body.

8. The Defendants submitted their 510k Application to the Federal Drug

Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

9. On or about March 20, 2006, ANTONIO SANCHEZ underwent surgery at Hialeah Hospital in Miami-Dade County, Florida, to repair a ventral (incisional) hernia. A 5.4" x 7" Kugel Patch was used to repair the hernia.

10. The Kugel Patch hernia repair product implanted in ANTONIO SANCHEZ was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a Class I recall notice. Subsequent Class I recalls occurred on March 31, 2006, and January 24, 2007.

12. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health

13. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

14. On or about April 25, 2007, ANTONIO SANCHEZ underwent an exploratory laparotomy with removal of the Kugel Patch.

15. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

16. Upon information and belief DAVOL and BARD failed to comply with

the FDA application and reporting requirements.

17. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

18. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

***COUNT I***
***<u>Negligence</u>***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

19. Defendants DAVOL and BARD were negligent to ANTONIO SANCHEZ in the following respects:

20. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

21. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

22. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the

Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

23. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of ANTONIO SANCHEZ.

24. Defendants DAVOL and BARD owed a duty to ANTONIO SANCHEZ to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

25. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

26. As a direct and proximate result of the duties breached, the Kugel Patch used in ANTONIO SANCHEZ's hernia repair surgery failed, causing ANTONIO SANCHEZ bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, ANTONIO SANCHEZ sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

***COUNT II***
***Strict Product Liability***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

27. Defendants DAVOL and BARD are strictly liable to ANTONIO SANCHEZ in the following respects:

28. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

29. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. ANTONIO SANCHEZ's Kugel Patch was a Class I recalled device that failed while in his body causing him to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of his Kugel Patch.

30. At all times material, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

31. The Kugel Patch implanted into ANTONIO SANCHEZ was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

32. The Kugel Patches, like the one found in ANTONIO SANCHEZ, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted

an unreasonable risk of danger and injury to ANTONIO SANCHEZ as follows:

i. The Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Kugel Patch as designed and manufactured was unsafe to ANTONIO SANCHEZ;

iii. The Kugel Patch as designed and manufactured was unreasonably dangerous to ANTONIO SANCHEZ;

iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like ANTONIO SANCHEZ, would expect;

v. The Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

33. As a direct and proximate result, the Kugel Patch used in ANTONIO SANCHEZ's hernia repair surgery failed, causing ANTONIO SANCHEZ bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care

and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, ANTONIO SANCHEZ sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

### *COUNT III*
### ***Breach of Implied Warranty***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

34. Defendants DAVOL and BARD are liable to ANTONIO SANCHEZ for their breach of implied warranty in the following respect:

35. DAVOL and BARD sold the Kugel Patch which was implanted in ANTONIO SANCHEZ. DAVOL and BARD impliedly warranted to ANTONIO SANCHEZ, his physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

36. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

37. ANTONIO SANCHEZ, his physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Kugel Patch was fit for such use.

38. When the Kugel Patches were distributed into the stream of commerce and

sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

**WHEREFORE**, ANTONIO SANCHEZ sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## *COUNT IV*
## *Florida's Deceptive & Unfair Trade Practices Act ("FDUTPA")*

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

39. DAVOL and BARD's actions are deceptive and in clear violation of FDUTPA, entitling Plaintiff to damages and relief under Fla. Stat. §§ 501.201-213.

40. Plaintiff was a consumer within the meaning of FDUTPA, who was deceptively and unlawfully induced to purchase and/or have a Kugel Patch implanted in his body.

41. Florida Statutes, Section 501.204 makes unfair and/or deceptive trade practices in the conduct of any trade or commerce illegal.

42. Florida Statutes, Section 501.211 creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

43. Florida Statutes, Section 501.2105 provides that the prevailing party in

litigation arising from a cause of action pursuant to Chapter 501 shall be entitled to recover attorney's fees within the limitations set forth therein from the non prevailing party.

44. Florida Statutes, Section 501.213 provides that any remedies available under Chapter 501 are in addition to any other remedies otherwise available for the same conduct under state or local law.

45. Florida Statutes, Section 501.203 (3)(c) states that a person has violated the Florida Deceptive and Unfair Trade Practices Act if he violates "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices."

46. DAVOL and BARD engaged in the practice of manufacturing, marketing, distributing, selling and otherwise placing into the stream of commerce a defective product and/or device which it knew or should have known was defective which constitutes trade and commerce as defined by Sections 501.203(8) Fla. Stat., and is therefore subject to FDUTPA.

47. DAVOL and BARD's acts constitute unconscionable, deceptive, or unfair acts or practices in violation of FDUTPA.

48. As a result of DAVOL and BARD's unfair and deceptive trade practices, in violation of the FDUTPA, Plaintiff is entitled to actual damages resulting from the purchase of the Kugel Patch.

49. As a result of DAVOL and BARD's unfair and deceptive trade practices, in violation of the FDUTPA, Plaintiff is entitled to an award of attorney's fees and court costs, if he prevails.

Case 1:07-cv-21928-PCH Document 1 Entered on FLSD Docket 07/27/2007 Page 11 of 12



**WHEREFORE,** Plaintiff sues DAVOL and BARD and demands judgment for actual damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, attorney's fees and court costs, and demands trial by jury of all issues so triable.

DATED this 24 day of July, 2007.

THE ALVAREZ LAW FIRM
Attorneys for the Plaintiff
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile: (305) 444-0075
Email: alex@integrityforjustice.com

BY: [signature]
ALEX ALVAREZ
Florida Bar No. 94634

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

07-21928

CIV - HUCK

MAGISTRATE JUDGE SIMONTON

**I. (a) PLAINTIFFS**
ANTONIO SANCHEZ,

**DEFENDANTS**
DAVOL, INC., a Rhode Island Corporation for profit, et al.

(b) County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Providence
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
THE ALVAREZ LAW FIRM
355 Palermo Avenue, Coral Gables, FL 33134 / (305) 444-7675

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) — X MIAMI-DADE COUNTY

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-21928-CIV-HUCK-SIMONTON

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332, 1391
Brief description of cause: Defendant sold a defective product causing injury to Plaintiff

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): U.S. DISTRICT COURT, DISTRICT OF RHODE ISLAND
JUDGE MARY M. LISI DOCKET NUMBER MDL 07-1842-ML

DATE 7/24/07 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 963863 AMOUNT $350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

07/26/07

ELECTRONICALLY FILED
4/18/2007 3:37 PM
CV-2007-900670.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

DAVID STATON & TERRI STATON

Plaintiffs,

Vs. CIVIL ACTION NO.: ____________________

DAVOL, INC.;
C. R. BARD, INC.;

A, whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical services to Plaintiff, DAVID STATON, (hereinafter referred to as "Plaintiff"), on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to Plaintiff's injuries;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, -rehabilitative, -technical, or –therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breath of contract, or other actionable conduct of which, contributed to cause Plaintiff's injuries;

C, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

D, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items A through C, inclusive, undertook to provide health care or related services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

E, whether singular or plural, that physician (including an intern, resident, or fellow), who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

F, whether singular or plural, that nurse, who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

EXHIBIT
"C"
Blumberg No. 5119

G, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

H, whether singular or plural, that student health care practitioner who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

I, whether singular or plural, that entity which designed or manufactured any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

J, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries, on the occasion made the basis of this suit;

K, whether singular or plural, that entity which had any role in the distribution of any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

L, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

M, whether singular or plural, that entity which is the successor-in-interest of any of the named or above-described fictitious party defendants; and

N, whether singular or plural, that entity, other than those described above, the negligence, breach of contract, or other wrongful conduct of which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

## COUNT I

1. On or about April 19, 2005, DAVID STATON (hereinafter referred to as PLAINTIFF) was a patient receiving medical services for consideration at BAPTIST MEDICAL CENTER PRINCETON. Said care was rendered by GREGORY THOMAS, M.D. Said

medical care involved the surgical use and placement of a BARD COMPOSITE/COMPOSIX KUGEL HERNIA PATCH device/product designed, manufactured, marketed and/or sold by the defendants DAVOL, INC. and C. R. BARD, INC. and/or Fictitious defendants H, I, J, K, L, M, and/or N. All medical services were rendered in Jefferson County, Alabama.

2. Defendants, A, B, C, D, E, F, G, H, I, J, K, L, M and N whose more correct names and identities are unknown to Plaintiff but will be correctly named and identified when ascertained, are the respective entities or which fit the description below:

A, whether singular or plural, that hospital, clinic, or other health care facility which undertook to provide medical services to Plaintiff, DAVID STATON, (hereinafter referred to as "Plaintiff"), on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to Plaintiff's injuries;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, -rehabilitative, -technical, or –therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breath of contract, or other actionable conduct of which, contributed to cause Plaintiff's injuries;

C, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

D, whether singular or plural, that person who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties described above in items A through C, inclusive, undertook to provide health care or related services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries;

E, whether singular or plural, that physician (including an intern, resident, or fellow), who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

F, whether singular or plural, that nurse, who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

G, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

H, whether singular or plural, that student health care practitioner who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of whom contributed to cause Plaintiff's injuries;

I, whether singular or plural, that entity which designed or manufactured any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

J, whether singular or plural, that entity which in anywise participated in any testing of any product which contributed to cause Plaintiff's injuries, on the occasion made the basis of this suit;

K, whether singular or plural, that entity which had any role in the distribution of any product which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit;

L, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants;

M, whether singular or plural, that entity which is the successor-in-interest of any of the named or above-described fictitious party defendants; and

N, whether singular or plural, that entity, other than those described above, the negligence, breach of contract, or other wrongful conduct of which contributed to cause Plaintiff's injuries on the occasion made the basis of this suit. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained).

3. Plaintiff alleges that the conduct of each of the named defendants, and also the above-described defendants A, B, C, D, E, F, G, H, I, J, K, L, M and N, combined and concurred, and proximately caused him to contract a severe, life-threatening and disabling infection, and infection complications, surgical complications, failure of hernia surgery, abdominal and intestinal complications, permanent impairment, injury and disability and will in the future require additional medical care and surgery. It has further caused him severe physical, mental and emotional pain and suffering and fear for his medical health and well being.

4. On or about April 19, 2005, and for some time prior to and thereafter, defendants DAVOL, INC. (hereinafter referred to as DAVOL) and C. R. BARD, INC. (hereinafter referred to as BARD) and/or the fictitious party defendants, I, J, K, L, M and N listed and described in the caption hereof, were engaged in the business of formulating, developing, manufacturing, selling and/or distributing said **BARD COMPOSITE/COMPOSIX**

**KUGEL HERNIA PATCH** device/equipment/system (hereinafter referred to as the "device/equipment/system") and/or its component parts throughout the United States, including the State of Alabama, for use by certain members of the general public. Said defendants during said period of time and for a valuable consideration developed, designed, manufactured, leased, sold and/or distributed the said equipment/system and/or its component parts involved in the occurrence made the basis of this suit.

At the aforesaid time and place, the said device/equipment/system and/or its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The said device/equipment/system and/or its component parts were not reasonably safe when being used in a foreseeable manner, but to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendants knew, or in the exercise of reasonable care should have known, that said device/equipment/system and/or its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

The foregoing wrongful conduct of said defendants was a proximate cause of the plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

a. In the event the said named and fictitious party defendants were not the original designers, manufacturers or, distributors of said device/equipment/system and/or its component parts, they are liable as the predecessors or successors of the original designers, manufacturers or distributors.

5. The defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, negligently or wantonly formulated, developed, manufactured, leased, sold and/or distributed the said device/equipment/system and/or its component parts involved in the occurrence made the basis of plaintiff's complaint, and said negligent and wanton conduct was a proximate cause of the plaintiff's injuries and damages herein described. Furthermore, they are liable as the original formulators, developers, manufacturers, sellers or distributors or as the predecessors or successors of the original formulators, developers, manufacturers, sellers or distributors of said device/equipment/system and/or its component parts.

6. The defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof as the formulators, developers, manufacturers, distributors, lessors and/or sellers of the said device/equipment/system and/or its component parts involved in the occurrence made the basis of plaintiff's complaint, negligently or wantonly failed to warn the plaintiff of the dangers associated with the use of the aforesaid device/equipment/system and/or its component parts and said negligent or wanton conduct was a proximate cause of the plaintiff's injuries and damages. Furthermore, said defendants knew or should have known of inherent defects, flaws and dangers in the said PATCH device that would cause injury to the body and organs of the patient once surgically implanted, or cause the device to fail or malfunction

once implanted, causing injury to the body and organs of the patient, but they negligently, willfully and/or intentionally concealed and withheld this information from physicians, patients and the public.

7. On or before April 19, 2005, defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, were in the business of leasing, selling or distributing the said device/equipment/system and/or its component parts in the State of Alabama and said defendants were merchants with respect to such goods. At the time of the aforesaid, the defendants knew or had reason to know the particular purpose for which the said device/equipment/system and/or its component parts were to be used, and the defendants knew or had reason to know that plaintiff was relying on the skill and judgment of the defendants and in fact relied on said skill and judgment at the time the said device/equipment/system and/or its component parts was used. Defendants thereby impliedly warranted that the said device/equipment/system and/or its component parts were fit for said purpose. Plaintiff used the said device/equipment/system and/or its component parts for the particular purpose for which selection had been made by the defendants. Plaintiff avers that said defendants breached the aforesaid implied warranty in that said device/equipment/system and/or its component parts were not reasonably fit for the use for which they were selected. As a proximate result of the aforesaid breach of warranty by each of the aforesaid defendants, the plaintiff was caused to suffer the injuries and damages set out herein.

8. On or before April 19, 2005, defendants DAVOL and/or BARD and/or fictitious party defendants I, J, K, L, M and N listed and described in the caption hereof, were in the business of leasing, selling or distributing the said device/equipment/system and/or its component parts in the State of Alabama and said defendants were merchants with respect to such goods. The said defendants expressly warranted that said device/equipment/system and/or its component parts would be safe when used in a foreseeable manner. Defendants breached said warranty in that said device/equipment/system and/or its component parts were not reasonably safe when being used in a foreseeable manner. As a proximate result of the aforesaid breach of warranty by each of the aforesaid defendants, the plaintiff was caused to suffer the injuries and damages set out herein.

9. On or about April 19, 2005 said device/equipment/system and/or it's component parts was/were unsterile, contaminated or otherwise capable of causing, allowing or creating an infection and said defendants knew, or should have known of said unsafe condition(s). They negligently and improperly caused or allowed said condition(s) to exist, negligently and improperly failed to identify said condition(s) and/or negligently failed to timely and properly notify/warn concerning said condition(s) or recall said device/equipment/system. Furthermore, the defendants negligently, willfully and/or intentionally concealed and withheld information from physicians, patients and the public.

10. Said defendants knew or should have known of the unsafe and dangerous infection causing propensities of said device/equipment/system (particularly in patients such as Plaintiff). However, they negligently and improperly failed to provide warnings concerning these matters, negligently failed to timely and properly undertake research and testing to identify and study these matters and negligently and improperly failed to design or alter the device/equipment/system or its' warnings/instructions so as to prevent infection. Furthermore, said defendants withheld and concealed information concerning the infection risks and dangers of said device/equipment/system from the public, the plaintiff and the medical profession.

11. The aforesaid wrongful, negligent or wanton conduct of the named and fictitious party defendants combined and concurred and as a proximate result thereof, the plaintiff, DAVID STATON was caused to suffer and develop massive infection(s), abdominal complications, surgical complications, injuries to the body and body organs and related complications and permanently injured.

12. The conduct of each of the named and fictitious party defendants combined and concurred, and as proximate result of same, Plaintiff was injured and damaged as follows:

a. Plaintiff was permanently injured;
b. Plaintiff was caused, and will in the future be caused, to suffer physical, emotional and mental pain, distress and anguish;
c. Plaintiff was caused and will in the future be caused to incur expenses for medical services; and
d. Plaintiff will be caused to lose future wages and income.
e. Plaintiff's wife suffered loss of consortium and services.

On the basis of the foregoing, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each defendant, and that it award damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained due to the defendant's negligence. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit. Furthermore, the plaintiff requests an award of damages to the Plaintiff in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages.

Respectfully Submitted,

FRANK O. HANSON, JR. (HAN007)
Attorney for Plaintiff

OF COUNSEL FOR PLAINTIFF:
4401 Gary Avenue
Fairfield, Alabama 35064
(205) 786-3775

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for the trial of this cause.

FRANK O. HANSON, JR.

**REQUEST FOR SERVICE**

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, Plaintiff requests that the foregoing summons and Complaint be served by certified mail.

FRANK O. HANSON, JR.